UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MARIA CASTRO CABRERA,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, *in his official capacity*,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | NO. 3:26-cv-01322<br><br>JUDGE RICHARDSON |

**ORDER**

Pending before the Court is the "Verified Emergency Petition for Writ of Habeas Corpus (28 U.S.C. § 2241) and In-Petition Request for Interim Stay of Transfer and Removal" (Doc. No. 1 "Petition"), filed by Petitioner, Maria Castro Cabrera.

After conducting a preliminary review of the Petition in accordance with Rule 4 of the Rules Governing Section 2254 [and 2241][1] Cases in the United States District Courts, it is not readily apparent that Petitioner is not entitled to relief. The Court requires more information before proceeding.

Accordingly, Petitioner is **DIRECTED** to immediately provide a copy of the Petition (Doc. No. 1) and this order to Respondent or to counsel for Respondent. Respondent **SHALL** file an answer, motion, or other response to the Petition in accordance with Rule 5, Rules Gov'g § 2254

[1] Notably, the Rules Governing Section 2254 Cases may be applied to habeas petitions under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Gov'g § 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."); *see also Shaw v. Boulet*, No. 1:22-CV-01011-JDB-JAY, 2022 WL 22954109, at *2 n.4 (W.D. Tenn. Apr. 21, 2022) (applying the Rules Governing Section 2254 Cases to a Section 2241 case).

Cases, within three (3) days[2] of the date of entry of this order.[3] Respondent may seek an extension of this deadline in writing prior to the expiration of the deadline, if appropriate. Merely rendering such a request will not, by itself, relieve Respondent of the obligation to respond within the three (3) day period mandated herein.

That leads the Court to Petitioner's "In Petition Request for Interim Stay of Transfer and Removal." (Doc. No. 1 at 8-9). The kind of relief requested here sounds for all the world to the Court like a temporary restraining order ("TRO") or a preliminary injunction. Unless Petitioner can educate the Court as to where a statute or the Federal Rules of Civil Procedure authorizes a district court to issue an "interim stay of transfer and removal"—and in particular, authorizes a district court to issue this kind of "interim stay" without following applicable procedures for a TRO or preliminary injunction under, e.g., Federal Rule 65 and Local Rule 65—the Court will not grant such relief absent a motion for a TRO or for a preliminary injunction that complies with all applicable rules of procedure.[4]

IT IS SO ORDERED.

Eli Richardson

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 2243 provides that a "writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed."

[3] Merely by responding as ordered herein, Respondent shall not be deemed to have waived any defense that he might have, including lack of jurisdiction, failure to effect proper service, or that he is not a proper respondent in this action.

[4] The idea here is that the Court will not grant relief that actually amounts to a TRO or preliminary injunction unless the procedures for seeking a TRO or preliminary injunction are followed. So, Petitioner needs either to follow those procedures or to convince the Court that what she is requesting is a form of relief that is both actually *cognizable*—and in particular, cognizable at the current, early stage of this litigation—and *different from* a TRO or preliminary injunction.