UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MARIA CASTRO CABRERA,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, *in his official capacity*,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | NO. 3:26-cv-01322<br><br>JUDGE RICHARDSON |

**ORDER**

Respondent has filed this afternoon his response (Doc. No. 16, "Response"), supplemented by the late-filed declaration of Assistant Field Office Director ("AFOD") Paul Gray (Doc. No. 18, "Declaration"), to Petitioner's emergency notice (Doc. No. 14, "Notice"). According to the Response, the Court's order (Doc. No. 11)—filed and served electronically upon counsel at 2:24 p.m. on September 21, 2026—requiring Petitioner's release by 5:00 p.m. Central Time in Nashville, Tennessee on September 22,[1] 2026, was "provided to [Respondent's] Agency" but was not forwarded by the assigned agency employee "to ERO [Enforcement and Removal Operations] until September 22, 2026 [sometime after 3:21 p.m.], which resulted in a delay of Petitioner's release in Nashville, Tennessee." (Doc. No. 16 at 1).

[1] This release time and date was a full 24 hours later than that which Petitioner requested. The Court gave Respondent the additional 24 hours in realistic recognition of the fact that sometimes, particularly in large government agencies (which the Court fully understands are staffed by civil servants who are human beings just like everyone else and tend not to have excessive resources to get things done), it takes more than an hour or two to arrange for important, resource-intensive things—such as safely transporting a person in custody approximately 170 miles. Alas, in return for its indulgence in this regard, the Court has received non-compliance from Respondent. This noncompliance has resulted in a not-insubstantial expenditure of resources that the Court should not have had to devote to dealing with Respondent's non-compliance.

The Declaration specifies that AFOD Gray, the ERO employee recipient referenced in the Response, received the Court's order "[o]n September 22, 2026, at 3:50 pm." (Doc. No. 18 at 1, ¶ 4). The Declaration further specifies that, after receipt of the order ***mandating Petitioner's release that day by 5:00 p.m. in Nashville, Tennessee***, AFOD Gray waited approximately eighteen hours after the order's unambiguous deadline—and then emailed "OPLA confirming that the petitioner would be transferred back to middle Tennessee and released [***two days late***] on September 24, 2026." (*Id.* at 2, ¶ 6).

Therein lies a serious issue. As Petitioner remains in custody, Respondent has been (and remains) entirely out of compliance with an order of the Court. Rather than take every measure to immediately and expeditiously remedy this non-compliance, Respondent instead requests approximately forty-eight (48)[2] hours' extension to release Petitioner.[3] That request strikes the Court as somewhat shocking, given the mandate of 28 U.S.C. § 2243 and Respondent's previously demonstrated capability in effectuating a *same-day* rapid transfer of Petitioner from Nashville to Mason.[4] In short, the agency's response, though not necessarily in bad faith, has been unacceptable.

For now, the question is what is to be done in the immediate future. The answer is that Respondent shall:

---

[2] This is measuring from the September 22 afternoon late-forwarding of the order to the ERO, to the September 24 5:00 pm release deadline Respondent requests in the Response.

[3] The Court does not blame Respondent's counsel for either the non-compliance or this brazen request. But the Court does stress the need for counsel to do everything that they reasonably can do to ensure compliance with court orders.

[4] This is a point that the Court explicitly made in its order requiring Petitioner's release. (Doc. No. 11 at 5).

1. Release Petitioner no later than 12:00 p.m. Central Time tomorrow, September 24, 2026, in Nashville, Tennessee;[5]

2. Email counsel for Petitioner no later than 8:00 p.m. Central Time tonight, September 23, 2026, copying thereon the Court's courtroom deputy at julie_jackson@tnmd.uscourts.gov, of the exact location in Nashville where Petitioner shall be released;

3. Email counsel for Petitioner, copying thereon the Court's courtroom deputy at julie_jackson@tnmd.uscourts.gov, promptly upon Petitioner's physical departure from Mason, Tennessee;

4. Email counsel for Petitioner, copying thereon the Court's courtroom deputy at julie_jackson@tnmd.uscourts.gov, thirty (30) minutes prior to Petitioner's anticipated arrival in Nashville, Tennessee;

5. File an explanation, no later than 5:00 p.m. Friday, September 25, 2026, why Respondent did not act more expeditiously to transfer Petitioner from Mason to Nashville as to comply with the Court's order directing Petitioner's release.

IT IS SO ORDERED.

Eli Richardson

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

[5] The Court so orders, rather than ordering release in Nashville tonight, not because it in any way accepts or acquiesces in Respondent's delay in releasing Petitioner. Rather, the Court so orders as to allow time for Petitioner's counsel to confer with relevant individuals to make arrangements for next steps for Petitioner immediately after Petitioner's release.