UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MARIA CASTRO CABRERA,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, *in his official capacity*,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | NO. 3:26-cv-01322<br><br>JUDGE RICHARDSON |

**ORDER**

Pending before the Court is Petitioner's "Emergency Motion to Enforce Judgment and Compel Immediate Delivery of Seized Original Identity and Employment Documents," (Doc. No. 22, "Motion"), as to which the Court ordered, and Respondent filed, a response (Doc. No. 24). Petitioner filed a reply (Doc. No 25) in further support of the Motion.

Upon reviewing both the record and correspondence with the parties, the Court finds that Respondent failed to comply with the following orders of the Court:

1. Release Petitioner no later than 5:00 p.m. Central Time on Tuesday, September 22, 2026 in Nashville, Tennessee. (Doc. No. 11 at 5).

2. Release Petitioner with all possessions, property, and documents Petitioner had at the time she was taken into custody. (*Id.*).

3. Email counsel for Petitioner, copying thereon the Court's courtroom deputy at julie_jackson@tnmd.uscourts.gov, promptly upon Petitioner's physical departure from Mason, Tennessee. (Doc. No. 19 at 3, ¶ 3).

4. Email counsel for Petitioner, copying thereon the Court's courtroom deputy at julie_jackson@tnmd.uscourts.gov, thirty (30) minutes prior to Petitioner's anticipated arrival in Nashville, Tennessee. (*Id.* at ¶ 4).

At issue now is the second area of non-compliance—specifically, Respondent's failure to release Petitioner with her "original USCIS Employment Authorization Document (EAD Card)

(Category C08, Receipt No. IOE0928358204) [and] her original El Salvador Consular Identification Card." (Doc. No. 24-1 at 2, "Documents"). The Court finds that no later than October 9, 2026, Respondent was affirmatively aware of this ongoing failure to comply with the Court's September 22, 2026 order. (*See* Doc. No. 24-2 at 2-3, ¶¶ 4-6). The Court finds that Respondent's unilateral decision to remedy this failure by "shipp[ing the Documents] to the Nashville (NSV) ERO office for the petitioner to pick up from the office," has further compounded the issue given that as of "October 20, 2026 . . . [the Documents remain] enroute to NSV ERO office with no ETA." *(Id.* at 3, ¶¶ 7, 9). That is to say, Respondent has remained entirely out of compliance with an order of the Court for nearly a month, and Respondent offers no insight as to when this non-compliance will be remedied.

The Motion (Doc. No. 22) is **GRANTED** as follows. Respondent or a direct agent thereof **SHALL** hand-deliver the Documents within twenty-four hours of their arrival in Nashville to Petitioner's counsel at the law office of Petitioner's counsel.

Respondent **SHALL**, no later than 5:00 p.m. Central Time on November 2, 2026, either (i) file a status report confirming both the date of the missing documents' arrival in Nashville as well as the date of delivery of the missing documents to Petitioner's counsel; or (ii) show cause why sanctions should not be imposed, pursuant to 28 U.S.C. § 1927 and/or the Court's inherent authority to sanction misconduct, for failure to comply with this order as well as the above-referenced orders of the Court.[1]

---

[1] Regarding Respondent's non-compliance, four observations are appropriate. First, the Court cannot say who all is responsible for the non-compliance and does not attribute it to counsel of record. Second, there are circumstances involved here—including but not limited to the fact that implicated government employees likely are overworked and under-resourced at the current time—that incline the Court to be less heavy-handed in this order than it could be and otherwise would be. Third, the non-compliance is unacceptable in any event and needs to stop. Fourth, the non-compliance is much more likely to cease if government employees *stop making inexplicable decisions*—regarding what happens with Petitioner and her possessions, and when those things happen—*that are plainly inconsistent with the Court's orders*.

IT IS SO ORDERED.

Eli Richardson
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE