UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MARIA CASTRO CABRERA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | NO. 3:26-cv-01322 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| CHRISTOPHER BULLOCK, *in his official capacity*, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

# ORDER

From review of Respondent's "Status Report Pursuant to the Court's Order" (Doc. No. 29, "Status Report"), the Court discerns that Petitioner likely was given a purported "emergency" instruction ("Instruction") by Respondent or an agent thereof to personally pick up her missing documents ("Documents") at an unspecified ICE office today. (*See* Doc. Nos. 27, 27-1).[1] The Instruction contravenes the Court's express directive that "Respondent or a direct agent thereof **SHALL** hand-deliver the Documents within twenty-four hours of their arrival in Nashville to Petitioner's counsel at the law office of Petitioner's counsel." (Doc. No. 26, "October 23 Order" at 2). This is true regardless of whether, as Respondent purports, Petitioner's Documents were in fact hand-delivered to her counsel's office subsequent to the Instruction. (*See* Doc. No. 29 at 1).

[1] If Respondent believes that such assumption is unwarranted—i.e., that the assertions are untrue in in part—he shall so advise the Court, identify the nature and extent of the alleged untruthfulness, and explain the basis for such belief. The Court notes that the Status Report unmistakably suggests that Petitioner's assertions are true at least in part.

As requested by the Status Report, and because it appears that counsel acted promptly and in good faith in filing the Status Report,[2] the Court will allow Respondent until 5:00 p.m. Central Time on November 4, 2026 to file the response ("Response") contemplated by the Court's order from earlier today (Doc. No. 28, "Immediately Preceding Order"). The Response **SHALL**, in addition to including the items prescribed by the Court in the Immediately Preceding Order, do the following:

1. Explain in detail why, given the excruciating clarity of the October 23 Order (*see* Doc. No. 26 at 2), Respondent or an agent thereof gave Petitioner the Instruction;

2. State the individual(s) who, on behalf of Respondent separately or in concert, is (are) responsible for the decision to give Petitioner the Instruction;

3. State whether that (those) individual(s) was (were) aware of the October 23 Order and, if they were not aware, why they (despite presumably having decision-making authority relevant to this matter) were not made aware, given Respondent's pattern of non-compliance in this matter.

The Court is glad to have learned from the Status Report that Petitioner's documents have been returned to her. In light of the Status Report, Respondent's counsel need not show cause as contingently required[3] by the October 23 Order. But the Court has had to spend (very scarce)

[2] The Court currently discerns no reason to doubt that counsel has been making reasonable efforts to ensure her client's compliance with the October 23 Order. But, as detailed herein and in the Immediately Preceding Order, the Court's concerns regarding Respondent's *actual* compliance (or lack thereof) with the October 23 Order remain.

[3] "No later than 5:00 p.m. Central Time on November 2, 2026, either (i) file a status report . . . or (ii) *show cause why sanctions should not be imposed, pursuant to 28 U.S.C. § 1927 and/or the Court's inherent authority to sanction misconduct, for failure to comply with this order as well as the above referenced orders of the Court.*" (Doc. No. 26 at 2) (emphasis added).

judicial resources *over and over again* to deal with issues that it should not have had to deal with. The parties, particularly Respondent, should take heed that they are on thin ice.

IT IS SO ORDERED.

Eli Richardson

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE